

FILED ✓  ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 04 2009

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

LINWOOD EDWARD TRACY, JR,           )     3:09-CV-247-ECR-VPC
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )     **Order**
                                    )
WILLIAM G. ROGERS, et al.,          )
                                    )
        Defendants.                 )
                                    )
_____)

On July 14, 2009, we issued a Minute Order (#50) requiring Plaintiff to show cause why he should not be sanctioned for repeated violations of Federal Rule of Civil Procedure 11(b). On July 15, 2009, we issued a Minute Order (#51) denying several motions filed by Plaintiff that had not been brought to our attention at the time we issued our Minute Order (#50) the day before, and ordering Plaintiff to include discussion of those motions in his response to our order to show cause.

Plaintiff has not responded directly to our order to show cause, instead filing another in his series of frivolous motions styled as motions to dismiss (#52). In this Order, we address Plaintiff's latest addition to his oeuvre. In addition, we conclude that Plaintiff has failed to show cause why he should not be sanctioned pursuant to Rule 11. For the reasons set forth below, we

1  find that the appropriate sanction for Plaintiff's violations of
2  Rule 11 is dismissal of this action.

3
4                          **I. Background**

5       Plaintiff initiated this suit on May 13, 2009, by filing a 159
6  page document (#1) styled as a "Notice of Filing Removal from
7  Williams G. Rogers, Third Judicial District Court for Lack of
8  Jurisdiction to Include Richard Ingram, Sheriff Churchill County,
9  Nevada," [sic] which we have treated as a complaint.  This document
10  (#1) was then supplemented on May 18, 2009, by Plaintiff's filing of
11  the 285 page "Amendment to Case D.C. #2:09-cv-00247 Case Applied
12  Directly Upon William G. Rogers, individual and Jacob N. Sommer,
13  individual in Official Capacity in Violation of Federal Law and
14  Plaintiff's Civil Rights 1983" [sic] (#2).

15      Plaintiff's claims boil down to the assertion that a Nevada
16  state court judge, in conjunction with others, is violating his
17  constitutional rights.  Plaintiff's original dispute appears to have
18  been with the United States Internal Revenue Service, which
19  Plaintiff alleges "stole [his] reimbursement funds illegally" in
20  1989.  (Supplement at 8 (#2).)  In the absence of success in his
21  lawsuits against that agency and its employees, Plaintiff has turned
22  his attention to the legal system that has denied him the relief he
23  feels he deserves.  Defendant William G. Rogers is one of a number
24  of a Nevada state court and federal judges who have rejected
25  Plaintiff's claims.  Judge Rogers ordered Plaintiff to pay the
26  attorney fees of the defendants in the state action.  Plaintiff
27  refused, and then failed to appear to show cause why he should not

28                                    2

1  be held in contempt for failure to do so.  Judge Rogers found
2  Plaintiff to be in contempt of court, and issued a cash bail bench
3  warrant for his arrest.  Plaintiff claims in this lawsuit that Judge
4  Rogers has thereby violated his constitutional rights.  Defendants
5  here also include Jacob Sommer, an attorney who Plaintiff accuses of
6  "collaborating" with Judge Rogers because he sought attorney fees
7  and other sanctions in the state action on behalf of the defendants;
8  the defendants in the state action; the State Bar of Nevada
9  (apparently for failing to discipline Judge Rogers and the various
10 attorneys involved in Plaintiff's cases); various Churchill County,
11 Nevada, officials, including Sheriff Richard Ingram, apparently
12 because he would be the official charged with executing the arrest
13 warrant issued by Judge Rogers; and others whose role in the alleged
14 oppression of Plaintiff is not entirely clear.[1]

15     Plaintiff has requested (and been denied) injunctive relief
16 against Judge Rogers and Mr. Sommer (##4, 8), in addition to his

17
18
19
20
21
_____

22   [1] We note that Plaintiff's constitutional claims are so wholly
     lacking in merit that it is possible that they may fall under the so-
23   called "substantiality doctrine." Where a complaint asserts a federal
     question, jurisdiction is facially conferred. Cook v. Kiewit Sons
24   Co., 775 F.2d 1030, 1035 n.7 (9th Cir. 1985). Under the
     substantiality doctrine, however, such a claim may be "so
25   insubstantial, implausible, foreclosed by prior decisions of the court
     or otherwise completely devoid of merit as not to involve a federal
26   controversy within the jurisdiction of the district court." Id. In
     light of our conclusions in this Order, however, we need not take the
27   extraordinary step of holding that we lack jurisdiction over a claim
     purportedly brought directly under the United States Constitution.

28                                   3

1 claims for "$14,000,000,419.00"[2] in damages, interest, fees, and
2 costs.   (Complaint at 12 (#1).)

3

4                    **II. Plaintiff's Motion to Dismiss (#52)**

5      On July 23, 2009, Plaintiff's motion to dismiss (#52) was
6 received in chambers, and on our instructions the Clerk filed the
7 document in the case.[3]  The full title of the document (#52) is
8 "Motion to Dismiss Minutes of the Court Dated July 15, 2009, With
9 Prejudice, This Judge Has Been Removed From All Jurisdiction of Case
10 Matter By A Lawsuit in Washoe Court Dept. No. 4, Case No.: CV09-
11 02070."  The document presents several arguments, each of which is
12 without merit.

13      First, Plaintiff challenges the validity of our Minute Order
14 (#51), based on the circumstance that Minute Orders are signed by
15 the Clerk, rather than a judge, which Plaintiff suggests is a
16 violation of Federal Rule of Civil Procedure 11(a).  Plaintiff is
17 mistaken.  Rule 11 applies to papers filed by parties in a case, not
18 orders of the Court.  A Minute Order has the same force as an Order
19 signed by the Judge.

20

21      [2] It is not entirely clear if this is the total amount sought,
   or if Plaintiff seeks this amount from each of the defendants, or
22 perhaps just Judge Rogers and Mr. Sommer.  In light of our ruling in
   this Order, however, we need not resolve this conundrum.

23      [3] We note that though the document (#52) recites the case number
   of this case and relates to one of our previous Minute Orders in this
24 case, the caption of the document is that of another case, recently
   filed against this Judge by Plaintiff in Nevada state court and since
25 removed to federal court (Tracy v. Reed, 3:09-CV-355-PMP-LRL).   If
   Plaintiff intended to file the document in that case, he should have
26 submitted his motion to the Clerk for filing with the appropriate case
   number.   In any event, the motion (#52) is without merit, no matter
27 what case it is filed in.

28                                    4

1  Next, Plaintiff continues to labor under the impression that
2 filing a motion to recuse divests a judge of jurisdiction over a
3 case.  That is not the law: only if the motion is granted does the
4 judge relinquish jurisdiction.  All four of the motions to recuse
5 that Plaintiff filed in this case have been denied.

6  In addition, Plaintiff suggests that because he has filed a
7 separate lawsuit against this Judge, we have lost jurisdiction over
8 this case or should have recused.  We have already instructed
9 Plaintiff that this is not the law.  <u>See</u> Minute Order of June 12,
10 2009 (#21) ("The threat to file suit or complaint against a judge or
11 the actual filing of such a suit or complaint is not a basis for
12 recusal.")

13  Finally, we note that we have repeatedly instructed Plaintiff
14 that a "motion to dismiss" is not properly directed at an order of
15 the Court.  <u>See</u> Minute Order of June 25, 2009 (#37); Minute Order of
16 July 7, 2009 (#43).

17  In short, Plaintiff's motion to dismiss (#52) is without merit,
18 and will be denied.

19  **III. Rule 11 Sanctions**

20  We ordered Plaintiff to show cause why he should not be
21 sanctioned for violating Federal Rule of Civil Procedure 11(b)(2) by
22 filing documents that are not "warranted by existing law or by a
23 nonfrivolous argument for extending, modifying or reversing existing
24 law or for establishing new law," as well as Federal Rule of Civil
25 Procedure 11(b)(1), by filing documents for an "improper purpose."
26 We warned Plaintiff that if he failed to respond, sanctions pursuant
27 to Rule 11(c) would be imposed, and that such sanctions could

28  5

1  include dismissal of this case.  Nevertheless, Plaintiff has failed
2  to respond to our Order, except by filing yet another "motion to
3  dismiss."

4       Our examination of the record reveals numerous examples of
5  documents filed by Plaintiff that lack a basis in existing law or
6  any other non-frivolous basis.  For example, Plaintiff has filed no
7  less than four motions to recuse, none of which has any merit.
8  (##14, 39, 45, 49.)  He has filed six motions seeking to disqualify
9  various attorneys from participation in this case — five of these
10 motions are styled as motions to dismiss (## 12, 15, 19, 23, and
11 38), while the sixth is styled as a motion to quash (#26).  In each
12 case, the attorney involved is fully qualified to practice before
13 this Court.  Four other motions styled as "motions to dismiss," and
14 similarly without merit, challenge the validity of Minute Orders of
15 the Court.  (##22, 32, 41, 44.)  Plaintiff has filed three documents
16 styled as "civil complaints," purporting to initiate lawsuits
17 against various parties and this Judge.  (## 16, 25, 33.)  Indeed,
18 our examination of the record has not revealed a single document
19 filed by Plaintiff in this case that complies with Rule 11(b)(2).

20      The circumstance that Plaintiff is undeterred by the repeated
21 denial of his frivolous motions from the filing of subsequent
22 motions asserting the same frivolous arguments leads us to conclude
23 that Plaintiff must be motivated by some purpose other than to have
24 the motions granted on the merits.  Rather, it appears that
25 Plaintiff is presenting these motions for some improper purpose, in
26 violation of Rule 11(b)(1).  We will not venture to speculate
27 whether Plaintiff seeks primarily to inconvenience the Defendants or

28                                      6

1 the Court. It is enough to note that no proper purpose could be
2 served by the filing of such motions, nor has Plaintiff taken the
3 opportunity we offered him to articulate his actual purposes.
4 Hence, we infer that Plaintiff is also in violation of Rule
5 11(b)(1).

6     Having concluded that Plaintiff is in violation of Rule
7 11(b)(1) and (2), we now turn to the issue of what sanction would be
8 appropriate. Monetary sanctions are authorized by Rule 11(c)(4).
9 It is apparent, however, from the facts that gave rise to this
10 lawsuit that Plaintiff is undeterred by monetary sanctions. See
11 Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must
12 be limited to what suffices to deter repetition of the conduct or
13 comparable conduct by others similarly situated."). Plaintiff
14 appears herein pro se, and it seems likely he cannot afford an
15 attorney, let alone sanctions.[4]  Moreover, the Nevada state court
16 has already issued a warrant for Plaintiff's arrest for failure to
17 pay monetary sanctions, in the form of the defendants' attorneys'
18 fees, imposed in the state action. In light of these circumstances,
19 we conclude that for us to impose additional monetary sanctions on
20 Plaintiff would be inappropriate.

21     Nevertheless, some sanction for Plaintiff's flagrant abuse of
22 the judicial process should be imposed. We have repeatedly warned
23 Plaintiff that the possible sanctions for continued violations of
24 Rule 11(b) include dismissal of this action. (## 40, 43, 50.) We
25 are reluctant to take that step — a case should not be dismissed as

26
27     [4] It is possible, of course, that Plaintiff has money, but cannot
find an attorney willing to assert his claims on his behalf.

28                              7

1 a sanction for violation of Rule 11 except in the rarest of
2 circumstances. See Rhinehart v. Stauffer, 638 F.2d 1169, 1171 (9th
3 Cir. 1979). Nevertheless, "the central purpose of Rule 11 is to
4 deter baseless filings." Cooter & Gell v. Hartmax Corp, 496 U.S.
5 384, 393 (1990) (partially superseded on other grounds by 1993 Rule
6 11 amendment). It is apparent that there is no non-monetary
7 sanction short of dismissal that will deter Plaintiff from further
8 baseless filings in this case.

9

10                                **IV. Conclusion**

11      Plaintiff's motion to dismiss (#52) is frivolous, and will
12 therefore be denied. In addition, Plaintiff has failed to show
13 cause why he should not be sanctioned pursuant to Federal Rule of
14 Civil Procedure 11. We find that Plaintiff has repeatedly violated
15 Rule 11(b) by filing frivolous documents, despite the instructions
16 of the Court that his arguments were without merit and cautions to
17 cease filing frivolous documents. Plaintiff's violations of Rule
18 11(b)(2) are so numerous and so flagrant that we also find that
19 Plaintiff is filing those documents for an improper purpose, in
20 violation of Rule 11(b)(1). It does not appear that monetary
21 sanctions would serve to deter Plaintiff from repetition of the
22 conduct, nor would any non-monetary sanction short of dismissal. We
23 conclude, therefore, that the appropriate sanction for Plaintiff's
24 repeated violations of Rule 11 is dismissal of this case.

25

26      **IT IS, THEREFORE, HEREBY ORDERED THAT** Plaintiff's Motion to
27 Dismiss (#52) is **DENIED**.

28                                      8

1    **IT IS FURTHER ORDERED THAT** this case is **DISMISSED** as the

2  sanction for Plaintiff's violations of Rule 11(b).

3

4    The Clerk shall enter judgment accordingly.

5

6

7  DATED: August ___4___, 2009.

8                                              *Edward C. Reed*

9                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  9